UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,              CRIMINAL NO. 19-20352

v.                                      HON. TERRENCE G. BERG

DORIAN BROADNAX,

               Defendant.

_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS AND REQUEST FOR AN EVIDENTIARY HEARING

Defendant Dorian Broadnax moves to suppress evidence obtained during execution of a facially valid search warrant at his home.   In connection with this motion to suppress, Broadnax demands a *Franks* hearing in an effort to uncover evidence to bolster his motion.    Broadnax has it backwards.

Review of the sufficiency of the evidence supporting probable cause is deferential, and limited to the information presented in the four corners of the affidavit.   *Franks v. Delaware*, 438 U.S. 154 (1978) permits an evidentiary hearing only where the defendant makes a substantial preliminary showing that the affiant made a knowing and intentional false statement, or a statement with reckless disregard for the truth, and those allegedly false statements were necessary to the finding of probable cause.

1

Broadnax has not met the threshold requirements for a *Franks* hearing, and a four corners, common sense review of the affidavit supports the magistrate's probable cause determination.    Broadnax's motion should be denied.

## **BACKGROUND**

On November 28, 2017, a judge in this District signed an Order Authorizing the Interception of Wire and Electronic Communications for a phone number known to be used by defendant Broadnax.   The next day, interceptions made from the wiretap led investigators to ultimately seize over 740 grams of heroin and approximately 140 grams of a mixture of heroin and fentanyl that had been distributed by Broadnax at a Planet Fitness parking lot in Westland.

On May 30, 2019, Broadnax was indicted in connection with this November 2017 heroin and fentanyl delivery.   He faces a 10-year mandatory minimum sentence given his 2005 conviction for conspiracy to distribute and possess with intent to distribute in excess of 5 kilograms of cocaine, in violation of 21 U.S.C. §846.   An arrest warrant was issued in connection with the indictment.

On the morning of June 26, 2019, Broadnax was arrested by Northville police pursuant to the arrest warrant. Broadnax was turned over to federal authorities shortly thereafter.   While in federal custody, Broadnax made a post-*Miranda*, voluntary statement to investigators.   A DEA task force officer memorialized

2

Broadnax's pertinent admissions in an affidavit in support of a search warrant that he authored on June 26 immediately following Broadnax's interview.   That search warrant was promptly sworn out to United States Magistrate Judge David Grand -- at 3:47 pm on June 26.

Because Broadnax was arrested by Northville police while Broadnax was driving, his vehicle was impounded.   During the inventory search of Broadnax's vehicle, police recovered a backpack with a large amount of United States currency, bundled consistently with packaging for drug proceeds.   A K-9 unit also made a positive indication to the presence of an odor consistent with drugs/narcotics on the backpack that contained the currency.   Police also found two Chase bank debit cards located inside Broadnax's wallet in the names of two other people, as well as two iPhones and two flip phones located in a toiletry bag inside of the backpack containing the currency.   Based on their experience in the investigation, investigators believed that Broadnax was using the debit cards to covertly transfer proceeds from criminal activity to his associates.   All of these additional facts were included in the search warrant affidavit and considered by Magistrate Judge Grand in making his probable cause determination.

During execution of the search warrant at Broadnax's house, investigators recovered a pistol in the master closet.   A magazine containing ammunition for that

pistol was recovered in a safe, along with papers in Broadnax's name, in the laundry room area of the residence.

Broadnax filed a motion to suppress in connection with the 2017 investigation.   This Court denied the motion to suppress following a hearing on October 17, 2019.

On November 14, 2019, the grand jury returned a superseding indictment that added a felon in possession charge based on recovery of the pistol from Broadnax's residence on June 26, 2019.

On December 30, 2019, Broadnax filed a motion to suppress the firearm.   He amended that motion on January 2, 2020.   In connection with his suppression motion, he also filed a motion to compel discovery.   The United States filed a timely response to Broadnax's motion to compel on January 16, 2020.

## ARGUMENT

### I.   Broadnax Has Not Made the Threshold Preliminary Showing Necessary for a *Franks* Hearing.

"There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant."  *Franks v. Delaware*, 438 U.S. 154, 171 (1978). "A defendant who challenges the veracity of statements made in an affidavit that formed the basis for a warrant has a heavy burden."  *United States v. Bennett,* 905 F.2d 931, 934 (6th Cir. 1990).

"To obtain a *Franks* hearing, the movant must provide a substantial preliminary showing that a false statement was made either knowingly or intentionally, or with reckless disregard for the truth.   The movant must ***also*** show that the allegedly false statements were necessary for the magistrate's determination of probable cause."   *United States v. Mastromatteo*, 538 F.3d 535, 545 (6th Cir. 2008) (emphasis in original).   The Sixth Circuit has explained that the defendant may not rely on conclusions and instead must make a robust offer of proof, supported by affidavits:

> His allegations must be more than conclusory.  He must point to specific false statements that he claims were made intentionally or with reckless disregard for the truth. He must accompany his allegations with an offer of proof. Moreover, he also should provide supporting affidavits or explain their absence.

*Bennett,* 905 F.2d at 934; *see also United States v. Cummins*, 912 F.2d 98, 100-01 (6th Cir. 1990) (a defendant must "point to specific false statements" and then "accompany his allegations with an offer of proof").

Although "[t]o mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine" (*Franks*, 438 U.S. at 171), this appears to be Broadnax's main objective. For example, he claims that at the evidentiary hearing, "it is the position of the defense that the misuse of this information and that manner in which it was

erroneously stated in the affidavit will be revealed."   ECF No. 29 at Page ID 106.

But this is not how it works.   Any allegation that the affiant made a deliberate false

statement needs to be "revealed" at the outset, by the defendant, through defendant's

offer of proof.   *See*, *e.g*., *Cummins,* 912 F.2d at 103 (independently evaluating the

defendant's offer of proof in support of his *Franks* claim and concluding that he "has

failed to meet his burden of proof in establishing deliberate falsehood or reckless

disregard for the truth").

In the instant case, if Broadnax believes that the affiant knowingly or

intentionally misrepresented facts in the affidavit, then *Franks* requires Broadnax to

make a preliminary showing with an offer of proof.   The conclusory allegations in

Broadnax's pending motion fall far short.   Because he has not met his heavy burden,

his request for a *Franks* hearing should be denied.[1]

## II.   Four Corners, Commonsense Review of the Affidavit Supports the Magistrate's Probable Cause Determination.

The standard for reviewing a magistrate's issuance of a warrant in the Sixth

Circuit is well established:

> This court reviews the sufficiency of an affidavit to determine whether
> the magistrate had a substantial basis for finding that the affidavit

---

[1] At this point, no allegedly false statements have been identified and properly supported by an offer of proof.   Even if they were, Broadnax would have to also establish that the allegedly false statements were necessary to the finding of probable cause to warrant a *Franks* hearing.   *Mastromatteo*, 538 F.3d at 545.

established probable cause to believe that the evidence would be found
at the place cited.   The affidavit should be reviewed in a commonsense
– rather than a hypertechnical – manner, and the court should consider
whether the totality of the circumstances supports a finding of probable
cause, rather than engaging in line-by-line scrutiny.

*United States v. Woosley*, 361 F.3d 924, 926 (6th Cir. 2004) (citations and quotations omitted).

"The magistrate's determination of probable cause is afforded great deference, and that determination should be reversed only if the magistrate arbitrarily exercised his discretion." *Id*.; *see also United States v. Frechette*, 583 F.3d 374, 379 (6th Cir. 2009) ("When reviewing a magistrate judge's probable cause determination, a reviewing court should give great deference to a magistrate judge's probable cause determination and reverse that decision only if it was arbitrarily made.")

The reviewing court should not conduct a de novo review of the affidavit. *Illinois v. Gates*, 462 U.S. 213, 236 (1983) ("[W]e have repeatedly said that after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review.").   "A grudging or negative attitude by reviewing courts toward warrants is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant."   *Id*. ("courts should not invalidate warrants by interpreting affidavits in a hypertechnical, rather than a commonsense, manner").

Rather, the reviewing court only needs to determine that the issuing "magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing." *Id*. In determining whether the affidavit provided a basis for the magistrate to find probable cause, the "reviewing court may only look within the four corners of the affidavit." *Frechette*, 583 F.3d at 379*; see also States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005).

When considered under the deferential standard afforded to the issuing magistrate, the supporting affidavit for the search warrant at issue here provided probable cause.[2]

## III.   Investigators Acted in Good Faith.

Even if the probable cause somehow fell short, defendant's motion should nevertheless be denied because the investigators relied on the issuance of the warrant in good faith. In *United States v. Leon,* 468 U.S. 897, 926 (1984)*,* the Supreme Court held that if evidence is seized pursuant to a warrant unsupported by probable cause, but an objectively reasonable officer could have relied on the warrant in good faith in executing the search, the exclusionary rule does not apply.

---

[2] As discussed in the United States' response to the motion to compel, a redacted copy of the search warrant affidavit was provided in discovery, and the unredacted affidavit was reviewed by Mr. Perkins in a private conference room at the United States Attorney's Office. Courtesy copies of the warrant in both formats will be provided to the Court.

When evidence is seized in reasonable, good faith reliance on a search warrant, but the warrant is subsequently held to be defective, the evidence need not be suppressed. *United States v. Hython*, 443 F.3d 480, 484 (6th Cir. 2006).   The key inquiry is "'whether the officer reasonably believed that the warrant was properly issued, not whether probable cause existed in fact.'" *Id*. at 487 (*quoting United States v. Laughton,* 409 F.3d 744, 752 (6th Cir. 2005)).

An investigator's reliance on a warrant is reasonable if the supporting affidavit includes "'some connection, regardless of how remote it may [be]'—'some modicum of evidence, however slight'—'between the criminal activity at issue and the place to be searched.'" *United States v. White,* 874 F.3d 490, 497 (6th Cir. 2017) (*quoting Laughton,* 409 F.3d at 749-50). The affidavit at issue well satisfies the necessary connection for good faith.

## <u>CONCLUSION</u>

For the foregoing reasons, the United States respectfully requests that defendant's motion to suppress and request for an evidentiary hearing be denied.

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney


*s/ Erin S. Shaw*
Erin S. Shaw
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, Michigan 48226
(313) 226-9182
Email:   erin.shaw@usdoj.gov

Dated: January 23, 2020

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 23, 2019, I caused this Response to Motion to Suppress and Request for an Evidentiary Hearing to be electronically filed with the Clerk of the United States Court for the Eastern District of Michigan using the ECF system, and that copies of this brief will be served electronically to all counsel of record.

/s/ *Erin S. Shaw*
Assistant United States Attorney

11