UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> vs. <br><br> **DORIAN BROADNAX**, <br><br> Defendant. | 2:19-CR-20352-TGB <br><br><br> **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER REVOKING BOND** |

Dorian Broadnax seeks reconsideration of the Court's decision revoking his bond on April 1, 2021. ECF No. 52. Bond was revoked after a hearing on the Pretrial Service Officer's petition for review of bond conditions, which reported that Mr. Broadnax allegedly assaulted his domestic partner at a public walking trail. The police eventually sent a warrant request to the Oakland County Prosecutor's Office. ECF No. 49. After the hearing, the Court revoked Mr. Broadnax's bond and directed him to self-surrender by April 5, 2021. ECF No. 51.

Mr. Broadnax had been on pretrial release awaiting the resolution of controlled substance-related charges since June 2019. ECF No. 10. Although some conditions of his release were amended from time to time, *see* ECF No. 42, he was always subject to the general condition that further violations of federal, state, or local laws could result in bond being revoked.

1

In support of his motion for reconsideration, Broadnax points out that any danger to the victim arising from the assaultive incident has been mitigated because (1) she is seeking a personal protection order against him, (2) Mr. Broadnax is in individual counseling, and (3) they have separate and distinct residences. *Id.* at ¶ 12. Mr. Broadnax also disputes some of the prior incidents of alleged abuse reported by the Pretrial Service Officer during the Court's hearing, and indicates that at the time of the hearing he was not prepared to address those issues appropriately. *Id.* at ¶¶ 9-11. Lastly, he indicates that he has ongoing business concerns that would be seriously affected if he were not able to supervise them in person. *Id.* at ¶¶ 13-17. He argues that for all these reasons, the Court should reconsider its decision to revoke his release.

In opposition, the government argues that Mr. Broadnax does not meet the standard for a motion for reconsideration—that he merely repeats arguments that were already brought up and rejected at the hearing. ECF No. 55, PageID.368-370.

Under Local Rule 7.1(h), a motion for reconsideration must involve a "palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled" and must "also show that correcting the defect will result in a different disposition of the case."

The Court is authorized to revoke pre-trial release and order detention if there is probable cause to believe the individual committed a federal, state, or local crime while on release, and that "based on the

2

factors set forth in section 3142(g) . . . there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148. The § 3142(g) factors include the nature and circumstances of the offense, the weight of evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger posed by release. 18 U.S.C. § 3142(g). The Court stated on the record during the April 1 hearing why it believed these conditions were met, and why in particular—given that Mr. Broadnax committed the assaultive behavior while on bond—the potential for additional violence is too high to permit Mr. Broadnax to remain on bond. None of the additional information provided in this motion indicates to the Court that its decision involved a "palpable defect."

Defendant's motion for reconsideration is therefore **DENIED**. The Court notes that his motion for a *Franks* hearing remains pending and is being scheduled for a hearing.

**SO ORDERED** this 14th day of June, 2021.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

3