UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> vs. <br><br> **DORIAN BROADNAX**, <br><br> Defendant. | 2:19-CR-20352-TGB-MKM <br><br><br> **ORDER ON SCOPE OF** *FRANKS* **HEARING** |

## I.     BACKGROUND

Dorian Broadnax was indicted on two counts related to distribution of controlled substances on May 30, 2019. ECF No. 1. A warrant was issued for his arrest that day. ECF No. 2. He was eventually arrested on June 26, 2019. Also on June 26, a search warrant for his house was authorized by Magistrate Judge David Grand based on the affidavit ("Pickens Affidavit") of Task Force Officer Timothy Pickens, a police officer from the St. Clair Shores, Michigan Police Department assigned to a Drug Enforcement Administration (DEA) Task Force. A superseding indictment was later filed adding a felon in possession charge, based on items recovered during the search. ECF No. 22.

Mr. Broadnax subsequently filed a motion to suppress the evidence obtained from this search of his house, arguing that he was entitled to a

*Franks* hearing[1] to determine whether sufficient probable cause supported the warrant for that search. ECF No. 35. Following a hearing on the motion and supplemental briefing, this Court held that he had made a sufficient showing to be entitled to a hearing regarding the truthfulness of certain statements in the search warrant and its subsequent validity. Specifically, the Court found a direct conflict between Paragraph 17 of the Pickens Affidavit[2] and Defendant's affidavit regarding the events at issue. ECF No. 41, PageID.203-04. The Court also found that the statements in Paragraph 17 would have been essential to a finding of probable cause to search Defendant's residence. Therefore, the Court found Defendant entitled to a *Franks* hearing regarding this specific portion of the Pickens Affidavit. *Id.* at PageID.205-06. This hearing is scheduled for June 13, 2022.

At a status conference with the parties on April 11, 2022, both sides indicated a disagreement as to the proper scope of inquiry at the *Franks*

---

[1] When a Defendant challenges the veracity of an affiant's statements in a search warrant affidavit, a *Franks* hearing is required if a defendant can make a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and . . . the allegedly false statement is necessary to the finding of probable cause." *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978).
[2] This affidavit was previously provided to the Court for in camera review in both redacted and unredacted form, and was also provided to defense counsel. The Government is instructed to file the unredacted affidavit seal so that it is formally in the record of this case.

hearing. ECF No. 59. The Court ordered supplemental briefing on the subject and indicated it would issue an order prior to the *Franks* hearing to determine the scope of proper inquiry during the hearing. Both parties have submitted their supplemental briefing and the Court has reviewed the materials submitted. ECF Nos. 60, 61.

## II. DISCUSSION

This dispute turns on the scope of questioning that should be allowed to take place at the *Franks* hearing. Mr. Broadnax has been a subject of investigation by federal law enforcement since at least 2017, and in November of that year a court order was issued authorizing a wiretap for his phone. In his briefing, Mr. Broadnax seeks to challenge the validity of the Pickens Affidavit on a different ground than the Court identified in its previous Order: he claims that its showing of probable cause rests to some degree on stale information because it includes references to the November 2017 wiretap investigation.[3] Claiming that the affidavit's information was outdated and therefore not sufficient to establish probable cause, Defendant asks to be allowed to inquire broadly into the evidentiary basis for the statements in the Pickens Affidavit during the *Franks* hearing. ECF No. 60, PageID.387.

---

[3] While the briefing references a "November 26, 2019" affidavit as being insufficiently supported, the Court assumes that Defendant is referring to the June 26, 2019 Pickens Affidavit. ECF No. 60, PageID.383.

To begin, to the extent that Mr. Broadnax is making a broad challenge to the sufficiency of the probable cause supporting the warrant based on staleness, that is not the purpose of a *Franks* challenge. Mr. Broadnax's original motion to suppress alleged that certain statements in the Pickens Affidavit were false. ECF No. 35. The Court concluded that Defendant had met the threshold of a "substantial preliminary showing" by offering his own sworn statement contradicting part of the search warrant affidavit and granted him a *Franks* hearing to evaluate that issue only. Whether a search warrant affidavit's facts are stale is an issue that arises from the face of the affidavit; it does not require an evidentiary hearing. Even if the information *is* stale, the question of whether the warrant is supported by probable cause can be determined by reviewing the affidavit as a whole, not by questioning the affiant.

Although not a proper inquiry to be explored at the *Franks* hearing, the Court notes that Defendant's argument that the affidavit relied too much on stale information is unsupported by a review of the affidavit. While the affidavit does reference evidence developed from previous investigation and a wiretap authorized in November 2017, it also includes evidence that was discovered the same day that the affidavit was written and the warrant issued, June 26, 2019. This more recent information added to the showing of probable cause that evidence of drug trafficking proceeds and related financial records would be present at the target address. Specifically, the affidavit describes Defendant's arrest on

4

June 26, 2019: that he was found in possession of a "backpack with a large amount of currency . . . packaged consistent with the bulk cash / drug proceeds that [the affiant] acquired from BROADNAX in May 2017," that a drug-trained K-9 alerted positively to the backpack; that Defendant was in possession of four cell phones, two of which were flip phones; and that he had in his wallet two credit cards in the names of other persons, one of whom was known to the investigating agents as an associate of an individual Defendant had communicated with about "drug trafficking in Metro Detroit and the movement of suspected drug proceeds" in intercepted phone conversations.

There is no validity to the staleness argument, and that issue is not properly before the Court at this time. And even if it were, the Magistrate Judge's decision to issue a search warrant must be afforded "great deference." *United States v. Yates*, 132 F. Supp. 2d 559, 564-65 (E.D. Mich. 2001) (upholding magistrate judge's probable cause finding despite a year's gap between drug trafficking activities and submission of warrant).

5

## CONCLUSION

The Court's previous Order specifically indicated that Mr. Broadnax had made a "substantial preliminary showing" of a false statement only as to Paragraph 17 of the Pickens Affidavit. ECF No. 41. Therefore, any questioning at the *Franks* hearing will be limited to inquiries regarding the truthfulness of the statements contained in this paragraph.

**SO ORDERED** this 9th day of June, 2022.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge